**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EDDIE LEE BATTLES,

        Petitioner,

vs.                                         Case No.:    3:17-cv-864-J-34MCR
                                                                  3:12-cr-157-J-34MCR

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Eddie Lee Battles's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] Battles claims that his two convictions under 18 U.S.C. § 924(c) for brandishing a firearm in furtherance of a crime of violence are unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015).[2] The Court stayed the case pending the Eleventh Circuit Court of Appeals' decision in Ovalles v. United States, 905 F.3d 1231 (11th Cir. 2018) (en banc), abrogated by Davis, 139 S. Ct. 2319, as well as the Supreme Court's decisions in Dimaya, 138 S. Ct. 1204, and Davis, 139 S. Ct. 2319. Following the Supreme Court's

---

[1] Citations to the record in the civil § 2255 case, Eddie Lee Battles v. United States, No. 3:17-cv-864-J-34MCR, will be denoted "Civ. Doc. __." Citations to the record in the underlying criminal case, No. 3:12-cr-157-J-34MCR, will be denoted "Crim. Doc. __."

[2] Battles filed the § 2255 Motion before the Supreme Court decided Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and United States v. Davis, 139 S. Ct. 2319 (2019). He has not amended the § 2255 Motion since then to raise a claim based on Davis. The Eleventh Circuit has explained that claims based on Johnson and claims based on Davis are distinct, such that the former cannot support a challenge to a § 924(c) conviction. Morton v. United States, 776 F. App'x 651, 652-53 (11th Cir. 2019) (citing In re Hammoud, 931 F.3d 1032, 1040 (11th Cir. 2019); In re Garrett, 908 F.3d 686, 689 (11th Cir. 2018)). Strictly speaking, therefore, Battles's Johnson-based § 2255 Motion warrants dismissal for the simple reason that he relies on Johnson instead of Davis, even though the premise for which he cites Johnson (that § 924(c)(3)(B) is vague) is correct. However, because Battles's § 2255 Motion fails on the merits anyway (and because the parties have briefed the merits), the Court construes the § 2255 Motion as raising a claim based on Davis.

1

decision in Davis, the Court lifted the stay and the United States responded in opposition. (Civ. Doc. 16, Response). Battles did not file a reply. Thus, the case is ripe for a decision.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[3], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[4] For the reasons set forth below, Battles's § 2255 Motion is due to be denied.

## I.    Background

Between November 2011 and April 2012, Battles participated in a string of armed robberies targeting Dollar General and Family Dollar stores in Florida and Georgia. (Crim. Doc. 48, Plea Agreement at 27-32). On September 20, 2012, a federal grand jury sitting in Jacksonville, Florida, returned an eleven-count indictment against Battles and his co-defendant, Eric Kevontay Williams, for the robberies that occurred within the Middle District of Florida. (Crim. Doc. 1, Indictment).[5] In Counts One and Three the United States charged

---

[3]    Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[4]    Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

[5]    Battles was also the subject of an information filed in the Middle District of Georgia, in which the United States charged him with four counts of Hobbs Act robbery. See United States v. Eddie

Battles with committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). In Counts Two and Four the United States charged Battles with brandishing a firearm in furtherance of a crime of violence, referring to the Hobbs Act robberies charged in Counts One and Three, respectively, in violation of 18 U.S.C. § 924(c). Finally, in Counts Five, Seven, Nine, Ten, and Eleven the United States charged Battles with committing and aiding and abetting the commission of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2.

Battles pled guilty to the aforementioned charges pursuant to a written plea agreement. (Crim. Doc. 46, Change-of-Plea Minute Entry; Crim. Doc. 48, Plea Agreement). The Magistrate Judge who presided over the change-of-plea hearing recommended that the Court accept Battles's guilty pleas because the colloquy established that the "guilty pleas were knowledgeable and voluntary as to each Count, and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offenses." (Crim. Doc. 49, Report and Recommendation Concerning Plea of Guilty). Without objection, the Court accepted Battles's guilty pleas and adjudicated him accordingly. (Crim. Doc. 50, Acceptance of Guilty Plea).

According to the Presentence Investigation Report (PSR), Battles's advisory sentencing range under the United States Sentencing Guidelines was a term of 108 to 135 months in prison, based on a total offense level of 30 and a Criminal History Category of II. PSR at ¶ 156. However, Battles's Guidelines sentencing range paled in comparison to the statutory sentencing range. Pursuant to 18 U.S.C. §§ 924(c)(1)(A)(ii) and (c)(1)(C)(i) (2012), Battles faced a mandatory minimum term of 32 years in prison and a maximum

---

Battles, No. 7:13-cr-8-HL (M.D. Ga.). Pursuant to Rule 20(a), Federal Rules of Criminal Procedure, Battles resolved that case in the Middle District of Florida, where he pled guilty to each of the charges under a written plea agreement. See United States v. Eddie Battles, No. 3:13-cr-83-J-34JRK (M.D. Fla.), Dkt. Entry 8.

3

term of life in prison based on the firearm convictions alone. See Plea Agreement at 3; PSR at ¶¶ 154-156. But Battles was spared the 32-year mandatory minimum sentence because he provided law enforcement with "timely and truthful information" about three other individuals who were involved in serious criminal conduct, which eventually led to their convictions. (See Crim. Doc. 69, Substantial Assistance Motion). As a result, the United States moved for a four-level reduction in Battles's offense level and a below-mandatory-minimum sentence pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Id. At sentencing, the Court granted the Substantial Assistance Motion and sentenced Battles to a total term of 194 months in prison, which was about half the mandatory minimum sentence. (Crim. Doc. 85, Minute Entry of Sentencing; Crim. Doc. 86, Judgment). The sentence consisted of concurrent terms of 57 months in prison as to the Hobbs Act robbery convictions (Counts One, Three, Five, Seven, Nine, Ten, and Eleven), a consecutive term of 37 months in prison as to the first § 924(c) conviction (Count Two), and a consecutive term of 100 months in prison as to the second § 924(c) conviction (Count Four), running consecutively to all of the other counts. (Crim. Doc. 85, Minute Entry of Sentencing; Crim. Doc. 86, Judgment).

The Court entered judgment on April 7, 2014, and Battles did not file a notice of appeal. As such, his conviction and sentence became final fourteen days later, on April 21, 2014, when the time to file an appeal expired. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). Battles filed the instant § 2255 Motion a little over two years later, on June 21, 2016. See § 2255 Motion at 19.[6]

---

[6] The Court did not receive the § 2255 Motion until July 27, 2017, but Battles stated that he submitted the motion to the prison legal mail collection box on June 21, 2016. § 2255 Motion at 19. "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is

4

## II. Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A prisoner's challenge to his conviction and sentence under 18 U.S.C. § 924(c) is cognizable on collateral review. See In re Pinder, 824 F.3d 977 (11th Cir. 2016) (granting prisoner's application to file a second or successive motion to vacate sentence in order to challenge his § 924(c) conviction based on Johnson).

### A. Section 924(c), Johnson, and Davis

Under 18 U.S.C. § 924(c), a person who brandishes a firearm during or in relation to a "crime of violence" or a "drug trafficking crime" is subject to a mandatory minimum sentence of seven years in prison, which must be consecutive to any sentence for the underlying crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A)(ii). And, under the statute in effect when Battles committed the offenses, "[i]n the case of a second

---

delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks and citation omitted). Although the Court has reason to doubt whether Battles actually submitted the § 2255 Motion on June 21, 2016, the Court will assume that he did for the sake of discussion.

5

or subsequent conviction under this subsection, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C) (2012). The term "crime of violence" means an offense that is a felony and--

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id., § 924(c)(3). Subsection (A) is referred to as the "elements clause" or the "use-of-force clause," and subsection (B) is referred to as the "residual clause" or the "risk-of-force" clause. Ovalles v. United States, 905 F.3d 1231, 1234 & n.1 (11th Cir. 2018) (en banc) ("Ovalles II"), abrogated by Davis, 139 S. Ct. 2319.

In Johnson v. United States, the Supreme Court held that language in the Armed Career Criminal Act (ACCA) that resembled § 924(c)(3)'s risk-of-force clause was unconstitutionally vague. See Johnson, 135 S. Ct. at 2563. The ACCA is a recidivist statute, which imposes a 15-year mandatory minimum prison sentence on anyone who possesses a firearm after receiving three or more convictions for a "serious drug offense" or a "violent felony," or both, committed on different occasions. See 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that –

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>[.]

6

Id., § 924(e)(2)(B) (emphasis added). The last fifteen words of subsection (ii), which are emphasized above, constitute the ACCA's "residual clause." Beeman v. United States, 871 F.3d 1215, 1218 (11th Cir. 2017) (citation omitted). The Johnson Court focused on two features of the residual clause that, combined, create "hopeless indeterminacy" in deciding whether the clause applied to a prior conviction: (1) a hazy "serious potential risk" standard combined with (2) use of the so-called categorical approach, which "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," and thus "leaves grave uncertainty about how to estimate the risk posed by a crime." Johnson, 135 S. Ct. at 2557-58. But

> the Court made clear that application of the categorical approach was the hinge on which its vagueness determination turned: "It is one thing," the Court stressed, "to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction" of the sort required by the categorical approach. Continuing in the same vein, the Court reiterated that "[a]s a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct."

Ovalles II, 905 F.3d at 1238 (internal citations omitted) (quoting Johnson, 135 S. Ct. at 2558, 2561). The Supreme Court did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court made its ruling in Johnson retroactively applicable to cases on collateral review.

Then, in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Supreme Court extended Johnson's holding to the definition of the phrase "crime of violence" found in 18 U.S.C. § 16(b), as that statute is applied in the immigration context. Section 16(b) defines the term "crime of violence" to mean "any other offense that is a felony and that, by its nature,

7

involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). This language is similar to the ACCA's residual clause and virtually identical to § 924(c)(3)'s risk-of-force clause. The Supreme Court reasoned that the same two features that doomed the ACCA's residual clause plagued § 16(b): (1) an imprecise "substantial risk" standard combined with (2) application of the categorical approach. Dimaya, 138 S. Ct. at 1215-16, 1223. As in Johnson, the Dimaya Court did not cast doubt on the constitutionality of a qualitative, "non-numeric standard" as applied to real-world conduct. Id. at 1215. Rather, it said that the problem comes from "applying such a standard to a 'judge-imagined abstraction' – i.e., 'an idealized ordinary case of the crime.' It is then that the standard ceases to work in a way consistent with due process." Id. at 1215-16 (internal citation omitted) (quoting Johnson, 135 S. Ct. at 2558, 2561).

Following Johnson and Dimaya, the Supreme Court in Davis confronted the fate of § 924(c)(3)(B). In Davis, all sides agreed that § 924(c)(3)(B) would be doomed as unconstitutionally vague if the categorical approach were applied. Davis, 139 S. Ct. at 2324, 2326-27. But the government argued that § 924(c)(3)(B) could be saved by reading the statute as applying to the specific facts of a defendant's actual conduct. Id. at 2327. However, upon examining the text and history of § 924(c), the Supreme Court rejected the government's interpretation and found that § 924(c)(3)(B) required application of the categorical approach. Id. at 2327-32. Ultimately, the Supreme Court concluded that § 924(c)(3)'s risk-of-force clause, just like the ACCA's residual clause and § 16(b), was void for vagueness. Id. at 2336. Notably, as in Johnson, the Court did not question the validity of the statute's elements clause, § 924(c)(3)(A). The Eleventh Circuit later held that Davis

8

announced a substantive new rule that applies retroactively on collateral review. In re Hammoud, 931 F.3d 1032, 1038-39 (11th Cir. 2019).

### B. Battles's § 924(c) Convictions Do Not Rely on the Risk-of-Force Clause

Battles's § 2255 Motion is due to be denied on the merits because his firearm convictions do not depend on § 924(c)(3)'s risk-of-force clause.[7] The predicate offense underlying each of the § 924(c) convictions – i.e., Hobbs Act robbery – is a crime of violence under § 924(c)(3)'s use-of-force clause. The Eleventh Circuit Court of Appeals has held that Hobbs Act robbery categorically qualifies as a "crime of violence" under § 924(c)(3)(A) because it has as an element the use, attempted use, or threatened use of physical force against the person or property of another. United States v. St. Hubert, 909 F.3d 335, 345 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394 (2019), abrogated on other grounds by Davis, 139 S. Ct. 2319; In re Saint Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016).

Although Battles hypothesizes scenarios in which one could commit Hobbs Act robbery by putting one in fear without actually using, attempting to use, or threatening to use violent physical force, § 2255 Motion at 7-11, the Eleventh Circuit has rejected such a hypothetical approach. St. Hubert, 909 F.3d at 349-50. "[A] hypothetical nonviolent violation of the statute, without evidence of actual application of the statute to such conduct, is insufficient to show a 'realistic probability' that Hobbs Act robbery could encompass nonviolent conduct." Id. at 350 (citing United States v. Hill, 832 F.3d 135, 139-40, 142-43 (2d Cir. 2016)). Rather,

---

[7] The United States argues that Battles's § 2255 Motion is untimely, Response at 7-9, that his challenge to the § 924(c) convictions is procedurally defaulted, id. at 9-14, and that his claim lacks merit in any event, id. at 14-18. Because the Court finds that the claim lacks merit, the Court simply addresses the merits.

9

> there must be a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence, and, to that end, a defendant must at least point to his own case or other cases in which the ... courts in fact did apply the statute in the ... manner for which he argues.

Id. (internal quotation marks omitted) (citing Hill, 832 F.3d at 140). However, the defendant in St. Hubert did not identify a plausible scenario, and the Eleventh Circuit could "think of none, in which a Hobbs Act robber could take property from the victim against his will and by putting the victim in fear of injury (to his person or property) without at least threatening to use physical force capable of causing such injury." Id. (citing Curtis Johnson v. United States, 559 U.S. 133, 140 (2010)). Accordingly, Hobbs Act robbery remains a crime of violence under § 924(c)(3)'s use-of-force clause, even if one can imagine a hypothetical scenario where the crime does not involve the use, attempted use, or threatened use of force.

Both of Battles's § 924(c) convictions are based on Hobbs Act robbery. As noted earlier, the first § 924(c) conviction (Count Two) was predicated on the Hobbs Act robbery charged in Count One, and the second § 924(c) conviction (Count Four) was predicated on the Hobbs Act robbery charged in Count Three. Plea Agreement at 5, 21-22; Indictment at 2, 3. Because Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)'s use-of-force clause, Battles's firearm convictions do not depend on the risk-of-force clause, and therefore Johnson and Davis afford him no relief. As such, the § 2255 Motion is due to be denied.

### III.     Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Battles seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of

10

appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Battles "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED**:

1. Petitioner Eddie Lee Battles's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.
2. The Clerk shall enter judgment in favor of the United States and against Battles, and close the file.

11

3. If Battles appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of September, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of Record
Pro se petitioner